IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| STEVEN PALMER d/b/a MONTANA ORGANIC MEDICAL SUPPLY,<br><br>        Plaintiff,<br><br>vs.<br><br>MONTANA DEPARTMENT OF HEALTH AND HUMAN SERVICES; DARCI WIEBE in her individual and official capacity; JAMIN GRANTHAM, in his individual and official capacity; CITY OF BILLINGS; STEVE HALLAM in his individual and official capacity; and JOHN DOES 1-10,<br><br>        Defendants. | CV 21-38-BLG-SPW-TJC<br><br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Steven Palmer, doing business as Montana Organic Medical Supply ("MOMS") brings this action against Defendants State of Montana, Montana Department of Health and Human Services, Darci Wiebe, Jamin Grantham (collectively, "State Defendants"), and the City of Billings and Detective Steve Hallam, for claims arising out of the revocation of his medical marijuana provider license.  (Doc. 3.)

Presently before the Court are the State Defendants' Motion to Dismiss (Doc. 11), the City of Billings and Hallam's Motion to Dismiss (Doc. 15), and

Plaintiff's Motion to Strike (Doc. 26).  The motions are fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court **RECOMMENDS** the State Defendants' Motion to Dismiss be **GRANTED**; the City of Billings and Hallam's Motion to Dismiss be **GRANTED in part** and **DENIED in part**; and Plaintiff's Motion to Strike be **DENIED**.

## I.    BACKGROUND

Plaintiff became a licensed medical marijuana provider in 2011, and operated a cultivation facility near Emigrant, Montana and a dispensary in Billings, Montana.  In June 2018, DPHHS inspected the cultivation facility and dispensary, and issued an inspection report on July 25, 2018.  Plaintiff received the report on August 7, 2018.  The report gave Plaintiff until September 18, 2018 to provide proof that the noted violations had been rectified.  Plaintiff alleges the report did not identify any issues that needed to be resolved prior to September 18, 2018.

On August 13, 2018, however, DPHHS and Wiebe served the manager of MOMS dispensary with an Order Revoking Provider License and Notice for Judicial Review ("Revocation Order").  The Revocation Order was also sent to all of MOMS medical marijuana cardholders, advising them they could no longer obtain medical marijuana from MOMS.  Plaintiff states the practical effect of the Revocation Order was to immediately close MOMS.  Plaintiff alleges that he was

never notified of the State's intent to revoke his provider license. Plaintiff further alleges DPHHS issued the Revocation Order in violation of the State's administrative rules and statutes.

Following the revocation, Plaintiff filed a petition for judicial review in Montana's Thirteenth Judicial District Court, Yellowstone County on September 12, 2018. District Court Judge Harris granted a temporary restraining order, and subsequently issued findings of fact and conclusions of law determining the Revocation Order was unlawful and enjoined its enforcement. Plaintiff alleges the parties later agreed that the District Court case should be dismissed "to allow MOMS to pursue a damages action," and District Court Judge Davies dismissed the action without prejudice on March 8, 2019.

On March 12, 2019, Grantham advised the Billings Police Department via email that MOMS did not have a valid license to operate a medical marijuana dispensary. Plaintiff alleges Grantham made this contact with law enforcement despite knowing that two judges had found the revocation unlawful. Grantham contacted the Billings Police Department again on March 19, 2019 and advised the petition for judicial review had been dismissed and the Revocation Order was in effect. Grantham provided the Billings Police Department with a copy of the order from Judge Davies, which, Plaintiff asserts, explicitly states multiple times that the Revocation Order was "unlawful."

3

Also on March 19, 2019, police began surveilling MOMS and interviewed a number of individuals who were observed leaving the dispensary.  Based on the interviews, Detective Hallam applied for, and was granted, a warrant to search MOMS.  In the application for the warrant, Detective Hallam stated that a District Court judge had upheld the license revocation, and that MOMS was illegally selling marijuana without a license.  Plaintiff contends these statements were untrue.  Plaintiff alleges Detective Hallam knew or should have known MOMS was not operating illegally.  Detective Hallam searched the dispensary pursuant to the warrant, and the Billings Police Department seized marijuana products and personal property.

On April 6, 2021, Plaintiff initiated this action.  Plaintiff brings claims under 42 U.S.C. § 1983 against the State Defendants based on the revocation of the medical marijuana license (Count I) and against the City of Billings and Hallam based on the search warrant (Count IX).  Plaintiff also asserts various state law claims against Defendants (Counts II-VII, X-XII).

## II.    ANALYSIS

### A.    Legal Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013)

4

(quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See e.g.*, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.* 135 F.3d 658, 661 (9th Cir. 1998).

## B.    The State Defendants' Motion to Dismiss

The State Defendants move to dismiss Counts I (42 U.S.C. § 1983) and VIII (punitive damages) on grounds that there is no federally protected property interest

in marijuana, which is illegal contraband under federal law.[1]  Plaintiff concedes

that the § 1983 claim should be dismissed as to the State of Montana, DPHHS, and

Wiebe and Grantham in their official capacities.  Plaintiff argues, however, that he

has pled a viable § 1983 claim against Wiebe and Grantham in their individual

capacities.  Plaintiff contends he has a protected property interest in his profession,

medical marijuana provider license, and the goodwill of his business, and

therefore, can assert a claim for violation of his due process rights.

The Fourteenth Amendment provides that a state may not "deprive any

person of life, liberty, or property, without due process of law."  U.S. Const.

Amend. XIV.  To state a claim for violation of his due process rights, Plaintiff

must show he was deprived of a cognizable property interest protected by the

Constitution.  *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978);

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) ("Section 1983 provides a

remedy only for the deprivation of "rights, privileges, or immunities secured by the

Constitution and laws" of the United States.").

Property interests "are created and their dimensions are defined by existing

rules or understandings that stem from an independent source such as state law[.]"

---

[1] The State Defendants also moved to dismiss Plaintiff's state law claims (Counts II – VII) against DPHHS, Wiebe and Grantham.  In Plaintiff's response, it was conceded that Counts II-VII may be dismissed as to those Defendants.  (Doc. 21 at 18.)

*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).  But the determination of whether a particular interest is protected by the Due Process Clause is one of federal law.  *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 756-57 (2005).  "Although the underlying substantive interest is created by 'an independent source such as state law,' federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause."  *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978).  If there is any conflict between federal and state law, the Supremacy Clause unambiguously provides federal law prevails.  *Gonzales v. Raich*, 545 U.S. 1, 29 (2005).

Here, Plaintiff argues the property interests at issue in this case are his profession, provider license, and goodwill.[2]  But at their core, all of those interests are based on Plaintiff's ability to sell medical marijuana – and medical marijuana is

---

[2] Plaintiff is correct, that in other contexts, these may be protected property interests.  *See e.g. Bell v. Burson*, 402 U.S. 535, 539 (1971) (recognizing property interest in a driver's license because its "continued possession may become essential in the pursuit of a livelihood"); *Fed. Deposit Ins. Corp. v. Mallen*, 486 U.S. 230, 240 (1988) (recognizing that interfering with an individual's profession is sufficient to establish a property interest); *Barry v. Barchi*, 443 U.S. 55, 64 (1979) (finding horse trainer had a protectable property interest in state-issued professional license); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989) (finding the goodwill of a business is a protected property interest).  But the key difference between those cases and this one, is that the underlying activities in those cases (driving, working as a banker, training horses, or selling and distributing petroleum products) were not illegal under federal law.

not federally protected.  Under the federal Controlled Substances Act, it is illegal for any private person to possess marijuana for any purpose.  21 U.S.C. §§ 812(c); 841(a)(1), 844(a).  Thus, regardless of its legality under Montana state law, medical marijuana is per se contraband under federal law.  *Gonzales v. Raich*, 545 U.S. 1, 27 (2005).  "No person can have a legally protected interest in contraband per se."  *Marble v. Strecker*, 2014 WL 1404896, *9 (D. Mont. April 10, 2014).

Indeed, courts have found there is no federally protected property interest in medical marijuana or potential business or property interests that are based on medical marijuana.  In *River N. Props., LLC v. City and County of Denver*, 2014 WL 7437048 (D. Colo. Dec. 30, 2014), for example, the plaintiff landowner claimed a cognizable property interest in its contractual relationship with a medical marijuana business.   The court disagreed, and found the plaintiff's § 1983 claims failed as a matter of law.  The court explained "Plaintiff's federal claims rest – at bottom – on its loss of benefits from a lease with a tenant who grew medical marijuana, and federal law does not recognize any right related to the cultivation of marijuana.  By definition, then, Plaintiff cannot state a claim of a federally protected right for purposes of Section 1983."  *Id.* at *2.  *See also Salazar v. City Adelanto*, 2020 WL 5778122, *7 (C.D. Cal. Aug. 31, 2020) ("[N]o private person can have a cognizable property interest in marijuana, even where the state has decriminalized its possession, cultivation and/or sale.") (collecting cases); *Marble*

*v. Strecker*, 2014 WL 1404896, *9 (D. Mont. April 10, 2014) (finding plaintiff did not have a federal property interest in marijuana or state-issued medical marijuana card).

Plaintiff argues he is not claiming a property interest in marijuana plants or marijuana products, but rather his provider license. But the fact Plaintiff is not claiming a property interest in the marijuana itself, does not alter the Court's conclusion. Plaintiff's profession, license and good will cannot be considered in isolation. They all revolve around the cultivation, possession and distribution of marijuana, which is unlawful under federal law. Thus, the Court finds that, even assuming Plaintiff has property interests in his medical marijuana provider license, and associated profession and goodwill under state law, those interests are not constitutionally protected for purposes of the Fourteenth Amendment.

Plaintiff further urges the Court to find there is a federally protected property interest in medical marijuana based on the Rohrbacker-Farr Amendment. The Rohrbacker-Far Amendment refers to a congressional appropriations rider that was first enacted in December 2014, in an omnibus appropriations bill. Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, § 538, 128 Stat. 2130, 2217 (2014). The rider prohibits the Department of Justice from using federal funds to prevent states from implementing medical marijuana laws. In relevant part, the rider provided:

> None of the funds made available in this Act to the Department of
> Justice may be used, with respect to [those states that have legalized
> medical marijuana] to prevent such States from implementing their
> own State laws that authorize the use, distribution, possession, or
> cultivation of medical marijuana.

*Id.*

The Ninth Circuit has explained that the rider prevents the Department of
Justice from spending its appropriated funds "for the prosecution of individuals
who engaged in conduct permitted by the State Medical Marijuana Laws and who
fully complied with such laws." *United States v. McIntosh*, 833 F.3d 1163, 1177
(9th Cir. 2016). But the rider did not fundamentally change federal law regarding
marijuana. As the Ninth Circuit recognized – marijuana is illegal and remains
illegal under the Controlled Substances Act. *Id.* at 1179, n.5 ("To be clear, [the
rider] does not provide immunity from prosecution for federal marijuana
offenses.'). Thus, regardless of the rider, marijuana remains per se federal
contraband.

The Ninth Circuit further noted the impermanent nature of the rider. The
court explained: "Congress currently restricts the government from spending
certain funds to prosecute certain individuals. But Congress could restore funding
tomorrow, a year from now, or four years from now, and the government could
then prosecute individuals who committed offenses while the government lacked
funding." *Id. See also United States v. Firestack-Harvey*, 2018 U.S. Dist. LEXIS

1041 (E.D. Wash. Jan. 3, 2018) (noting that if the rider "were to expire or be repealed, the Government could seek to enforce what has always been illegal under federal law."). The Court, therefore, does not find the Rohrbacker-Far Amendment created a protected property interest in medical marijuana.

Because Plaintiff lacks a cognizable property interest in his profession and license to cultivate and sell medical marijuana, his § 1983 due process claim fails as a matter of law. Likewise, Plaintiff's claim for punitive damages based on the conduct of Wiebe and Grantham in causing a revocation of his license also fails. Counts I and VIII, should therefore, be dismissed in their entirety.

### C.     City of Billings and Detective Hallam's Motion to Dismiss

The City of Billings and Detective Hallam move to dismiss Count IX (42 U.S.C. § 1983) on grounds that Plaintiff has not pled a viable *Monell* claim against the City, and Plaintiff's claim against Detective Hallam fails because Plaintiff does not possess a federally protected rights in marijuana. In response, Plaintiff concedes the *Monell* claim against the City of Billings. Plaintiff argues, however, that his § 1983 claim against Detective Hallam should not be dismissed. Plaintiff contends Detective Hallam violated his Fourth Amendment right against unreasonable searches and seizures by obtaining the search warrant through judicial deception.

11

"Just as the Fourth Amendment prohibits warrantless searches generally, so too does it prohibit a search conducted pursuant to an ill-begotten or otherwise invalid warrant." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011).  To establish a claim of judicial deception under § 1983, Plaintiff "must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009).  To show the materiality of the false statements or omissions, Plaintiff must establish the warrant would not have issued if the warrant contained the truthful or omitted information.  *Id.* at 1224.

Detective Hallam maintains that he did not misrepresent the status of Plaintiff's medical marijuana provider license in his application for the warrant. Nevertheless, he asserts that regardless of whether Plaintiff was authorized to sell marijuana under Montana law, there was probable cause for the warrant under federal law because marijuana is illegal.

Federal law prohibits the possession and sale of marijuana for any purpose. 21 U.S.C. §§ 812(c); 841(a)(1), 844(a).  Thus, this district has recognized that *federal* law enforcement officers do not violate the Fourth Amendment by obtaining a warrant to search for marijuana, even if possession of the marijuana was legal under Montana law.  *Montana Caregivers Assoc., LLC v. United States*, 841 F.Supp.2d 1147, 1150-51 (D. Mont. 2012) (explaining "whether the plaintiffs'

conduct was legal under Montana law is of little significance here, since the alleged conduct clearly violates federal law.").  This case, however, presents a different question – namely, whether a *state* law enforcement officer can rely on violations of federal law to support probable cause when the conduct may be legal under state law.  The question has not been answered by the Ninth Circuit.  *See United States v. Martinez*, 811 Fed.Appx. 396, 398 (9th Cir. April 20, 2020) (declining to address whether state law enforcement officer's warrantless search of a car could be based on federal marijuana laws); *United States v. Gray*, 772 Fed.Appx. 565, 566 n.1 (9th Cir. June 26, 2019) (same).

At least one court has rejected a § 1983 claim based on a search for marijuana that was allegedly protected by state law.  *See Brown v. Ely*, 14 P.3d 257, 261 (Alaska 2000).  Several federal district courts, however, have allowed § 1983 claims to proceed in instances involving searches of medical marijuana providers.  *See e.g. Oceanside Organics v. Cty. of San Diego*, 341 F.Supp.3d 1129, 1137 (S.D. Cal. 2018); *Demoura v. Ford*, 2010 WL 5426850, *7 (E.D. Cal. Dec. 27, 2010); *Freeman v. Rohnert Park Dep't of Pub. Safety*, 2019 WL 40872852 (N.D. Cal. Aug. 29, 2019).

In *Demoura*, for example, state law enforcement officers obtained a warrant to search a medical marijuana collective that was operating under California's Medical Marijuana Program Act.  *Demoura*, 2010 WL 5426850 at *1.  Similar to

13

this case, the plaintiffs brought a § 1983 claim alleging the officer who applied for the warrant violated their Fourth Amendment rights by submitting a misleading warrant application. *Id.* at *4. The plaintiffs alleged the officer knew they were operating lawfully, but intentionally omitted material information from the warrant application to mislead the magistrate judge. *Id.* at *5. In considering the defendants' motion to dismiss, the Court rejected the defendants' argument that "because marijuana is illegal under federal law, 'this court cannot sanction the plaintiff's attempt to invoke federal civil rights law to secure the right to commit acts that amount to crimes under federal law.'" *Id.* at *7. The Court explained:

> Defendants misapprehend the basic concepts underlying the Fourth Amendment, which tests the lawfulness of a search and seizure under both state and federal law. *See* U.S. Const.., Amend. IV. Although federal law does not recognize the California scheme for medical marijuana coops, the search and seizure were conducted under state law, not federal criminal law. . . . The FAC is sufficient to allege a claim under section 1983 for violation of Plaintiffs' Fourth Amendment rights." *Id.*

The Court finds the better reasoned approach is that taken most recently by the federal courts. Indeed, although the Ninth Circuit has not addressed the precise issue presented in this case, it has found in a different context that a search was unreasonable where probable cause was lacking under state law. *See U.S. v. $186,416.00 in U.S. Currency*, 590 F.3d 942, 948 (9th Cir. 2010).

In *$186,416.00 in U.S. Currency*, the United States brought a civil forfeiture proceeding against currency that was seized from a medical marijuana dispensary

14

pursuant to a state search warrant.  The medical marijuana dispensary moved to

suppress the currency as evidence.  *Id.* at 945.  The claimants argued officers of the

Los Angeles Police Department had secured a state court search warrant for the

dispensary by failing to inform the issuing court of evidence that the dispensary

may have been operating in accordance with California's medical marijuana laws.

*Id.*  The district court found the LAPD lacked probable cause with regard to state

law, but had probable cause to believe the dispensary was violating federal

narcotics laws.  The court nevertheless suppressed the currency for violation of

Rule 41.  *Id.* at 948.  The Ninth Circuit disagreed with the district court's analysis.

*Id.*  The Court held:

> While there may have been probable cause to search UMCC for a
> violation of federal law, that was not what the LAPD was doing.
> Nothing in the documents prepared at the time the warrant was
> obtained from the state court or in the procedure followed to obtain
> that warrant supports the proposition that the LAPD thought it was
> pursuing a violation of federal law.  Instead, it sought a warrant from
> a state court judge, though, as the District Court found, it lacked
> probable cause for a state law violation and failed to inform the state
> court judge of relevant facts that supported the conclusion that UMCC
> was not in violation of state law.  The LAPD, a city agency, never
> initiated the process of seeking a federal search warrant from a federal
> magistrate or indicated that it was pursuing a violation of federal law.
>
> Accordingly, the search was not illegal simply because it failed to
> comply with Rule 41 but because it violated UMCC's Fourth
> Amendment right against unreasonable searches and seizures, in light
> of the absence of probable cause under state law.

*Id.* at 948.

Similarly, here, Detective Hallam sought a state warrant from a state court judge.  There is no indication he was investigating potential violations of federal law.  As such, it appears the fact marijuana is illegal under federal law had no bearing on whether probable cause existed to obtain the warrant under Montana law.  Taking the allegations in the First Amended Complaint as true – that Detective Hallam misrepresented material facts in the warrant application – the Court finds Plaintiff has asserted a plausible claim under § 1983 for violation of his Fourth Amendment rights.

The City of Billings and Detective Hallam's motion to dismiss Count IX should, therefore, be denied as to the claims against Detective Hallam.

### D.    Motion to Strike

Plaintiff moves to strike certain arguments the State Defendants made in their reply brief in support of their Motion to Dismiss.  Specifically, Plaintiff argues the State Defendants improperly argued for the first time in the reply that the amount and type of process provided was sufficient.  The State Defendants counter that their reply brief properly rebutted arguments raised by Plaintiff in his response to the motion.

Plaintiff's motion to strike addresses portions of the State Defendants reply brief that discuss qualified immunity.  Because the Court has determined Plaintiff lacked a federally protected property interest, and is recommending dismissal on

that basis, the Court did not reach the question of qualified immunity.

Accordingly, the Court need not consider the parties arguments concerning

qualified immunity.  As such, Plaintiff's Motion to Strike should be denied as

moot.

## III.   CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.   The State Defendants' Motion to Dismiss (Doc. 11) be **GRANTED**;

2.   The City of Billings and Steve Hallam's Motion to Dismiss (Doc. 15)

be **GRANTED** as to the City of Billings and **DENIED** as to Hallam;

3.    Plaintiff's Motion to Strike (Doc. 26) be **DENIED as moot**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy

of the Findings and Recommendations of United States Magistrate Judge upon the

parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to

the findings and recommendations must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after service hereof, or

objection is waived.

**IT IS ORDERED**.

DATED this 14th day of December, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

17