IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| STEVEN PALMER d/b/a MONTANA ORGANIC MEDICAL SUPPLY,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA DEPARTMENT OF HEALTH AND HUMAN SERVICES; DARCI WEIBE, in her individual and official capacity; JAMIN GRANTHAM, in his individual and official capacity; CITY OF BILLINGS; STEVE HALLAM, in his individual and official capacity; and JOHN DOES 1-10,<br><br>Defendants. | CV 21-38-BLG-SPW-TJC<br><br>ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

United States Magistrate Judge Cavan filed Findings and Recommendations on Defendants State of Montana, Montana Department of Health and Human Services ("DHHS"), Darci Wiebe, and Jamin Grantham's (collectively, "State Defendants") Motion to Dismiss; the City of Billings and Steve Hallam's Motion to Dismiss; and Plaintiff Steven Palmer d/b/a Montana Organic Medical Supply's ("MOMS") Motion to Strike on December 14, 2021. (Doc. 34). The Magistrate recommended that the State Defendants' Motion be granted, the City of Billings

1

and Hallam's Motion be granted in part and denied in part, and that Plaintiff's Motion be denied. (Doc. 34 at 2). Plaintiff objected to the Findings and Recommendations on December 28, 2021. (Doc. 35). The City of Billings and Hallam also objected to the Findings and Recommendations on December 28, 2021. (Doc. 36). Both parties filed responses to the other's objections on January 11, 2022. (Docs. 37 & 38). The matter is deemed ripe and ready for adjudication. For the following reasons, the Court adopts Judge Cavan's Findings and Recommendations in full and grants the State Defendants' Motion, grants in part and denies in part the City of Billings and Hallam's Motion, and denies Plaintiff's Motion.

## I. RELEVANT BACKGROUND

Neither party objected to Judge Cavan's factual findings. As such, those findings are repeated here for convenience.

Plaintiff became a licensed medical marijuana provider in 2011, and operated a cultivation facility near Emigrant, Montana and a dispensary in Billings, Montana. In June 2018, DHHS inspected the cultivation facility and dispensary, and issued an inspection report on July 25, 2018. Plaintiff received the report on August 7, 2018. The report gave Plaintiff until September 18, 2018 to provide proof that the noted violations had been rectified. Plaintiff alleges the report did not identify any issues that needed to be resolved prior to September 18, 2018.

On August 13, 2018, however, DHHS and Wiebe served the manager of MOMS dispensary with an Order Revoking Provider License and Notice for Judicial Review ("Revocation Order"). The Revocation Order was also sent to all of MOMS medical marijuana cardholders, advising them they could no longer obtain medical marijuana from MOMS. Plaintiff states the practical effect of the Revocation Order was to immediately close MOMS. Plaintiff alleges that he was never notified of the State's intent to revoke his provider license. Plaintiff further alleges DHHS issues the Revocation Order in violation of the State's administrative rules and statutes.

Following the revocation, Plaintiff filed a petition for judicial review in Montana's Thirteenth Judicial District Court, Yellowstone County on September 12, 2018. District Court Judge Harris granted a temporary restraining order, and subsequently issued findings of fact and conclusions of law determining the Revocation Order was unlawful and enjoined its enforcement. Plaintiff alleges the parties later agreed that the District Court case should be dismissed "to allow MOMS to pursue a damages action," and District Court Judge Davies dismissed the action without prejudice on March 8, 2019.

On March 12, 2019, Grantham advised the Billings Police Department via email that MOMS did not have a valid license to operate a medical marijuana dispensary. Plaintiff alleges Grantham made this contact with law enforcement

3

despite knowing that two judges had found the revocation unlawful. Grantham contacted the Billings Police Department again on March 19, 2019 and advised the petition for judicial review had been dismissed and the Revocation Order was in effect. Grantham provided the Billings Police Department with a copy of the order from Judge Davies, which, Plaintiff asserts, explicitly states multiple times that the Revocation Order was "unlawful."

Also on March 19, 2019, police began surveilling MOMS and interviewed a number of individuals who were observed leaving the dispensary. Based on the interviews, Detective Hallam applied for, and was granted, a warrant to search MOMS. In the application for the warrant, Detective Hallam stated that a District Court judge had upheld the license revocation, and that MOMS was illegally selling marijuana without a license. Plaintiff contends these statements were untrue. Plaintiff alleges Detective Hallam knew or should have known MOMS was not operating illegally. Detective Hallam searched the dispensary pursuant to the warrant, and the Billings Police Department seized marijuana products and personal property.

On April 6, 2021, Plaintiff initiated this action. Plaintiff brings claims under 42 U.S.C. § 1983 against the State Defendants based on the revocation of the medical marijuana license (Count I) and against the City of Billings and Hallam

4

based on the search warrant (Count IX). Plaintiff also asserts various state law claims against Defendants (Counts II-VII, X-XII).

## II. LEGAL STANDARD

A party is entitled to *de novo* review of those portions of Judge Cavan's Findings and Recommendation to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, those findings and recommendations properly objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018 WL 4335526, at *1 (D. Mont. Sept. 11, 2018) (quoting *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010)). Simply restating the party's argument previously made before the magistrate judge is not a sufficient objection. *Id.*

Absent an objection, a court reviews a magistrate's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 667-78 (2009) (quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See e.g., Wyler Summit P'ship v. Turner Broad Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

### III. DISCUSSION

The State Defendants filed a motion to dismiss Plaintiff's 42 U.S.C. § 1983 claim (Count I) and punitive damages claim (Count VIII) based on the argument that Plaintiff has no property interest in marijuana as the substance is illegal contraband under federal law. Plaintiff conceded the § 1983 claim against the State of Montana, DHHS, and Wiebe and Grantham in their official capacities, but asserted that his claim was viable against Wiebe and Grantham in their individual capacities as Plaintiff has a protected property interest in his profession, medical marijuana provider license, and the goodwill of his business. Judge Cavan agreed with the State Defendants' argument and found that "[b]ecause Plaintiff lacks a cognizable property interest in his profession and license to cultivate and sell medical marijuana, his § 1983 due process claim fails as a matter of law. Likewise, Plaintiff's claim for punitive damages based on the conduct of Wiebe and Grantham in causing a revocation of his license also fails." (Doc. 34 at 11).

The City of Billings and Detective Hallam also filed a motion to dismiss Plaintiff's § 1983 claim against them (Count IX) because Plaintiff failed to plead a viable *Monell* claim against the City, and because Plaintiff does not possess any federally protected rights in marijuana. Plaintiff conceded his claim against the City but contends his claim against Detective Hallam should proceed because Hallam violated Plaintiff's Fourth Amendment rights by obtaining the search warrant through judicial deception. Judge Cavan agreed with Plaintiff and found

that, when taking the allegations in the First Amended Complaint as true, Detective Hallam misrepresented material facts in a warrant application constituting a plausible claim under § 1983. Judge Cavan recommended that the City and Detective Hallam's Motion should be denied as to the claims against Hallam.

Judge Cavan also addressed Plaintiff's Motion to Strike and recommended that it should be denied as moot. No party objected to Judge Cavan's findings or recommendation regarding this Motion. The Court finds no clear error present in Judge Cavan's findings regarding the Motion and adopts the recommendation.

### A. State Defendants' Motion to Dismiss

Plaintiff asserts Judge Cavan erred in finding that Plaintiff could not assert a federally protected property interest in his profession, medical marijuana provider license, and goodwill. Specifically, Plaintiff attempts to separate his professional property interests from the underlying product of those business interests: "[T]he claims against the State are not based on the possession of marijuana plants, or marijuana infused products. Nor is the property interest at stake marijuana plants or marijuana products. Rather Palmer's profession, the provider license, and the business' goodwill are the property interests at issue." (Doc. 35 at 10).

Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law[.]" *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). However,

8

whether that property interest is protected by the Due Process Clause must be determined under federal law. *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 756-57 (2005). Judge Cavan was not convinced by Plaintiff's argument that the purported property interests can be separated from the underlying product as Plaintiff claims – "at their core, all of those interests are based on Plaintiff's ability to sell medical marijuana – and medical marijuana is not federally protected." (Doc. 34 at 7-8). This Court is not convinced either.

Plaintiff's attempts to separate the asserted property interests ignore the holdings of the federal cases Judge Cavan based his determination on. Plaintiff asserts those cases are distinguishable because they only considered the physical possession of marijuana itself as the protected interest. However, in *River N. Props., LLC v. City and County of Denver*, the District Court of Colorado determined that "federal law does not recognize any right related to the cultivation of marijuana." 2014 WL 7437048, *2 (D. Colo. Dec. 30, 2014). Likewise, the Central District Court of California recognized that "[n]o private person can have a cognizable property interest in marijuana, even where the state has decriminalized its possession, cultivation, and/or sale." *Salazar v. City of Adelanto*, 2020 WL 5778122, *7 (C.D. Cal. Aug. 31, 2020). These cases clearly contemplated more than just the physical possession of marijuana in determining what federal law recognizes as a protected property right. As Judge Cavan explained, this approach

is logical because "Plaintiff's profession, license and good will cannot be considered in isolation. They all revolve around the cultivation, possession and distribution of marijuana, which is unlawful under federal law." (Doc. 34 at 9). The Court finds this argument, and the reasoning of the Colorado and California courts, persuasive and adopts the finding.

Plaintiff also raises the Rohrbacker-Farr Amendment as an objection to Judge Cavan's findings, arguing that the Amendment "created a property interest in the business activities associated with the sale of medical marijuana." (Doc. 35 at 11.) The Amendment is an omnibus appropriations bill rider that prohibits the Department of Justice from using federal funds to prevent various states from implementing laws authorizing the use, distribution, etc. of medical marijuana. Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, § 528, 128 Stat. 2130, 2217 (2014). The Amendment was originally enacted in 2014. *Id.*

Plaintiff contends this Amendment demonstrates a clear intent from Congress that the federal government can no longer seize medical marijuana or interfere with Plaintiff's operation. However, as Judge Cavan explained, the Ninth Circuit recognized that the Amendment did not change federal law classifying marijuana as an illegal substance. *United States v. McIntosh*, 833 F.3d 1163, 1179 n.5 (9th Cir. 2016). Further, because the Amendment represents only a rider in an

10

appropriations bill, it can be repealed at any time and the federal government would be free to pursue medical marijuana charges. *Id.* Plaintiff himself recognized that there can be "no legitimate claim of entitlement to something that can be withdrawn at the whim of the grantor." (Doc. 35 at 6) (Citing *Bishop v. Wood*, 426 U.S. 341, 345-47 (1976)). Therefore, the Court finds Plaintiff's Amendment argument unpersuasive.

### B. City of Billings and Detective Hallam's Motion to Dismiss

Detective Hallam argues that Judge Cavan erred by finding Plaintiff could proceed with his § 1983 claim against the officer. Hallam asserts that the § 1983 claim cannot be based solely on state-created rights and Judge Cavan failed to recognize this distinction because, while medical marijuana is legal under Montana law, marijuana is illegal under federal law.

Plaintiff alleges that Hallam violated Plaintiff's Fourth Amendment rights against unlawful search and seizure by obtaining the search warrant through judicial deception. To prove the claim, Plaintiff is required to demonstrate that "the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009). Hallam focuses his objection on the theory that while Hallam denies he misrepresented anything in the warrant application, Plaintiff cannot maintain his § 1983 claim because regardless of what appeared in the

search warrant application, marijuana is illegal under federal law and therefore probable cause existed to search for marijuana.

Judge Cavan addressed this question of whether a state law enforcement officer can point to the federal status of marijuana as grounds for probable cause in a state-issued search warrant application by analyzing several state and federal court decisions. (Doc. 34 at 12-15). As Judge Cavan noted, the Ninth Circuit has not addressed this discrete issue. However, several federal district courts have allowed § 1983 claims to proceed under similar circumstances. One case from the Alaska Supreme Court rejected the claim. Judge Cavan found the more reasoned argument in the recent decisions of several federal district courts. Hallam urges this Court to adopt the Alaska Supreme Court's holding instead. The Court agrees with Judge Cavan that the more recent federal district court cases are more persuasive.

The facts of this case demonstrate that "Detective Hallam sought a state warrant from a state court judge for a violation of state law. There is no indication he was investigating potential violations of federal law." (Doc. 34 at 16). A strikingly similar situation appeared before the Eastern District Court of California in *Demoura v. Ford*, 2010 WL 5426850 (E.D. Cal. Dec. 27, 2010). There, the Eastern District Court determined that a § 1983 claim could proceed because "[a]lthough federal law does not recognize the California scheme for medical marijuana coops, the search and seizure were conducted under state law, not

12

federal criminal law . . . ." *Id.* at *7. This Court finds the reasoning as persuasive as Judge Cavan and adopts the holding. Therefore, because Detective Hallam, a state law enforcement officer, sought a search warrant under state law, the fact that federal law does not recognize Montana's medical marijuana programs is irrelevant in determining whether Plaintiff properly pled his § 1983 claim for violation of his Fourth Amendment rights. Taking the allegations of the First Amended Complaint as true, the Court finds that Plaintiff has asserted a § 1983 claim against Detective Hallam sufficient to survive a motion to dismiss.

## IV. CONCLUSION

**IT IS ORDERED** that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 34) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that State Defendants' Motion to Dismiss (Doc. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the City of Billings and Steve Hallam's Motion to Dismiss (Doc. 15) is **GRANTED** as to the City of Billings and **DENIED** as to Hallam.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 26) is **DENIED** as moot.

DATED this 15th day of February, 2022.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge